UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAJUAN KEY,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 1:26-cv-04396-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED

(ECF No. 9)

Plaintiff is a federal prisoner proceeding pro se pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**I.**

**BACKGROUND**

On June 10, 2026, the Court directed Plaintiff to complete and submit the proper application to proceed in forma pauperis by a prisoner or pay the $405.00 filing fee within forty-five days. (ECF No. 7.) Plaintiff failed to comply with the Court's order. Therefore, on July 31, 2026, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 8.) Plaintiff has failed to respond to the Court's July 31, 2026, order to show cause which

will be addressed by way of separate order.

However, on August 19, 2026, Plaintiff filed a motion for a temporary restraining order. (ECF No. 9.) Therein, Plaintiff submits that was transferred to the United States Penitentiary, McCreary on June 26, 2026, and he labeled a sex offender which resulted in him being assaulted by other inmates on July 6, 2026. (Id. at 6-7.) Plaintiff requests the Court issue a temporary restraining order preventing him from being housed at a non-sex offender prison due to the irreparable harm it has caused. (Id. at 8.)

## II.

## LEGAL STANDARD

The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation of the Court's power to render a meaningful decision after a trial on the merits. See Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20–22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See, e.g., Winter, 555

U.S. at 20; Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from acting, and thus beyond mere maintenance of the status quo. Id. They require a party to act. Id. District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion include “specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition,” as well as written certification from the movant's attorney stating “any efforts made to give notice and the reasons why it should not be required.” Fed. R. Civ. P. 65(b). Further, the injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen’s Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) (“When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.”). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. Id. at 636.

The Prison Litigation Reform Act (“PLRA”) imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, “[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.” 18 U.S.C. § 3626(a)(2); Villery v. California Dep’t of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and “operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that

binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

**III.**

**DISCUSSION**

Initially, Plaintiff has failed to submit an application to proceed in forma pauperis or paid the $405.00 filing fee for this action, and this case cannot proceed without such action.

Further, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In this instance, the complaint has not yet been screened, and this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any defendant. Moreover, the complaint in this action presents allegations relating to events that occurred at the United States Penitentiary-Atwater. However, the instant motion addresses allegations regarding an incident that took place at the United States Penitentiary-McCreary, which is not within the jurisdiction of this Court. See 28 U.S.C. § 1391(b). Should Plaintiff seek relief against prison officials at the United States Penitentiary-McCreary, he must file such action in the proper Court. Accordingly, Plaintiff's request for a temporary restraining order must be denied.

///

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order (ECF No. 9) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate judge's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge